IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HRISTO GUEORGUIEV, individually and on behalf of a class,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>G+G RETAIL, INC.,  )<br>and DOES 1-10,  )<br>  )<br>Defendants.  ) | 07CV3685<br>JUDGE BUCKLO<br>MAGISTRATE JUDGE DENLOW |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff Hristo Gueorguiev brings this action to secure redress for the violation by G+G Retail, Inc. of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2.  One provision of FACTA, codified as 15 U.S.C. §1681c(g), provides that:

    **No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

3.  The purpose of this "truncation requirement" is to prevent identity theft. The Federal Trade Commission estimates that over 9 million persons each year have their identity assumed by criminals for financial gain, causing losses in excess of $50 billion.

4.  One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in

1

transactions. Identity thieves who do this are known as "carders" and "dumpster divers." This modus operandi is more common than the use of sophisticated electronic means to obtain the information. Robin Sidel, "Identity Theft – Unplugged – Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," Wall Street Journal, Oct. 5, 2006, p. B1.

5. On information and belief, it is possible for sophisticated identity thieves to replicate a credit card number using the expiration date and the last four digits of the card number.

6. To curb this means of identity theft, Congress prohibited merchants who accept credit cards and debit cards from issuing electronically-generated receipts that display either the expiration date or more than the last five digits of the card number.

7. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

8. Defendant has willfully violated this law and failed to protect plaintiff and others similarly situated against identity theft and credit card and debit card fraud by failing to comply with the truncation requirement.

9. Plaintiff brings this action against defendant based on defendant's violation of 15 U.S.C. §§1681 *et seq*. Plaintiff seeks statutory damages, attorneys fees, costs, and such other relief as the Court deems proper, including punitive damages.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1681p (FCRA).

11. Venue in this district is proper because defendant G+G Retail, Inc. does

business here.

## PARTIES

12. Plaintiff, Hristo Gueorguiev, is a resident of this district.

13. Defendant G+G Retail, Inc. is a corporation chartered under Delaware law with its principal place of business in New Jersey. It does business as, among other things, Lola, Max Rave and Rave. It operates a store at the Harlem Irving Plaza, Norridge, Illinois. Its registered agent and office in Illinois are Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL. 62703.

14. Defendant G+G Retail, Inc. is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

15. Defendants Does 1-10 are individual officers, directors, employees and agents of defendant G+G Retail, Inc. who authorized, directed or participated in the violations of law complained of.

## FACTS

16. On or about December 23, 2006, plaintiff received from G+G Retail, Inc. at its establishment located at Harlem Irving Plaza, Norridge, Illinois, a computer-generated cash register receipt which displayed plaintiff's card expiration date.

## CLASS ALLEGATIONS

17. Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

18. The class is defined as all persons to whom G+G Retail, Inc. provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois

after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

19. The class is so numerous that joinder of all individual members in one action would be impracticable.

20. There are over 100 persons to whom G+G Retail, Inc. provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

21. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

22. There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

    a. Whether defendant had a practice of providing customers with a sales or transaction receipt which failed to comply with the truncation requirement.

    b. Whether defendant thereby violated FACTA;

    c. Whether defendant's conduct was willful.

    d. Identification and involvement of the Doe defendants.

23. Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

24. A class action is superior to other available means for the fair and efficient

4

adjudication of the claims of the class members. Individual actions are not economically feasible.

## VIOLATION ALLEGED

25. Defendants violated 15 U.S.C. §1681c(g)(1), which provides that:

**. . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

26. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

27. With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

28. Defendant accepts credit cards and/or debit cards in the course of transacting business with persons such as plaintiff and the class members. In transacting such business, defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

29. After the effective date of the statute, defendant, at the point of sale or transaction, provided plaintiff and each class member with one or more electronically printed receipts on each of which defendant failed to comply with the truncation requirement.

30. FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

31. On information and belief, defendant knew of the truncation requirement.

32. On information and belief, VISA, MasterCard, the PCI Security Standards Council – a consortium founded by VISA, MasterCard, Discover, American Express and JCB – companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and defendant's need to comply with the same.

33. The requirement was widely publicized among retailers.

34. For example, in response to earlier state legislation enacting similar truncation requirements, on March 6, 2003, the CEO of Visa USA, Carl Pascarella, explained that "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether. . . . The first phase of this new policy goes into effect July 1, 2003 for all new terminals. . . . ." "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference With Sen. Dianne Feinstein," PR Newswire, March 6, 2003.

35. The August 12, 2006 edition of "Rules for Visa Merchants" (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, similarly makes clear that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all." VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

36. Most of defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to comply with the truncation requirement. Defendant could have readily done the same.

37. Defendants willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA.

38. The FCRA, 15 U.S.C. §1681n, provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1)**

> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

> **(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $ 1,000, whichever is greater;**

**(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

39. The FCRA, 15 U.S.C. §1681p, provides:

**§1681p. Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USC §§1681 et seq.] may be brought in any appropriate United States district court without regard**

to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where **a defendant has materially and willfully misrepresented any information required under this title [15 USC §§1681 et seq.] to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title [15 USC §§1681 et seq.], the action may be brought at any time within two years after discovery by the individual of the misrepresentation.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants as follows:

      a.      For statutory damages of $100 to $1,000 per violation;

      b.      For attorney's fees, litigation expenses and costs;

      c.      For such other and further relief as the Court may deem proper, including punitive damages.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

T:\19958\Pleading\Complaint_Pleading.wpd

8

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)