# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **HRISTO GUEORGUIEV,** | )<br>) |
| Plaintiff, | )<br>) No. 07 C 3685 |
| v. | )<br>) |
| **MAX RAVE, LLC, and DOES 1-10,** | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Max Rave, LLC ("Max Rave") has filed a motion under 28 U.S.C. § 1404(a) to transfer the above captioned case to the United States District Court for the Northern District of California. For the following reasons, I deny defendant's motion.

## I.

Plaintiff Hristo Gueorguiev's complaint alleges Max Rave violated Fair and Accurate Credit Transactions Act ("FACTA") amendment, 18 U.S.C. § 1681c(g), to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA") when it printed a cash register receipt which displayed plaintiff's card expiration date. (Compl. at ¶¶ 1, 17.) The complaint alleges plaintiff is a resident of this district, and that defendant is a Delaware corporation with its principal place of business in New Jersey. (Id. at ¶¶ 13-14.) Max Rave operates stores in Illinois. (Id. at ¶¶ 14, 19.) Plaintiff purports to bring claims on behalf of a class of "all persons to whom Max Rave, LLC provided an electronically printed receipt at the point of sale or transaction, in a transaction

occurring in Illinois after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card." (Id. at ¶ 19.)

Plaintiff's is not the only FACTA putative class action lawsuit presently being litigated by defendant. On February 5, 2007, a putative nationwide class action complaint, alleging FACTA violations, was filed in the United States District Court for the Northern District of California. *See Hile v. Max Rave*, *LLC*, Case No. 07-CV-00738 (JSW) (N.D. Cal. Feb. 5, 2007). Hile seeks to represent a putative class consisting of

> All persons in the United States to whom . . . an electronically printed receipt at the point of a sale or transaction on which Defendants printed more than the last five digits of the person's credit card or debit card number and/or printed the expiration date of the person's credit or debit card.

(Def. Br. Ex. C, at Ex. 1 ¶ 13.) Defendant asks that this case be transferred to the court where Hile is pending.

II.

This court may transfer venue to another district for reasons of convenience when it is "in the interest of justice." 28 U.S.C. § 1404(a). The moving party must show that (1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice. *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999). In

2

ruling on a motion to transfer, I must consider these statutory factors "in light of all the circumstances of the case." *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citations omitted). Section 1404(a) does not indicate the relative weight to afford to each of these factors; this is left to the discretion of the district court. *See id.* at 219, n.3. The weighing of the relevant factors "involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* at 219; *see also N. Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 648, n.3 (7th Cir. 1998) (citation omitted); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (noting that the remedial purpose of § 1404(a) requires "individualized, case-by-case consideration of convenience and fairness"). The movant bears the burden of establishing that the transferee forum is more convenient. *Coffey*, 796 F.2d at 219.

In this case, the plaintiff argues that venue is not proper in the Northern District of California on the grounds that defendant does not reside there or have any contacts other than the present lawsuits. However, defendant operates multiple stores within that district and has consented to personal jurisdiction there. Under 28 U.S.C. § 1391(b), "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State."

Under § 1391(c), "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Here, defendant submits it is subject to personal jurisdiction in the Northern District of California and has consented to jurisdiction in the *Hile* case. Therefore under § 1391(c) defendant "resides" there for purposes of § 1391(b)(1). Accordingly, for purposes of this motion I find venue is proper in the Northern District of California and must address the issues of convenience and the interests of justice.

## III.

In determining whether a forum is more convenient and whether a transfer would be in the interest of justice, the court must consider the private interests of the parties as well as the public interest of the court. *N. Shore Gas Co. v. Salomon, Inc.*, 896 F. Supp. 786, 791 (N.D. Ill. 1995). The factors relevant to the parties' private interests include (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the convenience of the parties; and (4) the convenience of the witnesses. *Coll. Craft Cos., Ltd. v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995). The factors relevant to the public interest of the court include the court's familiarity with the applicable law and concerns relating to the efficient administration of justice. *Id*. at 1056. The burden is on the moving party to demonstrate that the balance of

4

the factors weighs heavily in favor of transfer and that transfer would not merely shift inconvenience from one party to another. *Fink v. Declassis*, 738 F. Supp. 1195, 1198 (N.D. Ill. 1990).

A. Plaintiff's Choice of Forum and Situs of Material Events

A plaintiff's choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (citations omitted). A plaintiff's choice of forum may be afforded less deference, however, when another forum has a stronger relationship to the dispute, when the forum of plaintiff's choice has no significant connection to the situs of material events, or in the context of nationwide class actions. *See Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *Nelson v. Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002); *Boyd v. Snyder*, 44 F. Supp. 2d 966, 969-70 (N.D. Ill. 1999); *Georgouses v. NaTech Resources, Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997).

Plaintiff's choice of forum was the Northern District of Illinois. The receipts at issue in this case were distributed in defendant's Illinois stores and this district has a relationship to the dispute. The plaintiff seeks to represent a class which, as

5

pled, does not restrict class members to Illinois residents but is likely to consist primarily of residents in Illinois or Indiana. Plaintiff's choice is therefore entitled to some deference.

With respect to the situs of material events, defendant correctly points out that the focus under FACTA will be with respect to defendant's conduct, not plaintiffs. The dispute at the heart of this case will not concern plaintiff's conduct other than receiving the receipt at issue. Defendant's headquarters are not located in the Northern District of California, however. Therefore, it is unclear that the purported transferee district has any stronger connection to the site of material events than Illinois. Accordingly, I find this factor weighs against transfer.

B. Convenience of the Parties and Witnesses

Other factors I must consider are the convenience of the parties and witnesses. Courts consider the "relative ease of access to sources of proof" and the "cost of securing witnesses" as factors in the transfer analysis. *See, e.g.*, *Chicago, Rock Island & Pac. R.R. Co.*, 220 F.2d at 303. I must also consider the convenience of potential witnesses, looking beyond the number of witnesses to be called and examining the nature and quality of the witnesses' testimony with respect to the issues in the case. *Vandeveld*, 877 F. Supp. at 1168. Some courts have concluded that a party must present actual evidence, such as an affidavit, for a court to determine whether transfer is appropriate. *See, e.g.*,

*Midwest Precision Servs. v. PTM Indus. Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983). The convenience of party witnesses is less relevant than the convenience of non-party witnesses, since party witnesses normally must appear voluntarily. *See, e.g., First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006) (citation omitted). "The convenience of the witnesses is often the most important factor in determining whether to grant a motion to transfer." *Id*.

It is undisputed that neither party in this case currently resides in Illinois and that most, if not all, of discovery will take place outside of this district. Plaintiff resides in New York and defendant contends its headquarters, where the pertinent employee witnesses are located, is in Vernon, California. Vernon is in the Central District of California (Los Angeles). Thus, with respect to party witnesses, I find this factor is neutral as the witnesses for both sides would be required to travel in order to attend any proceedings. Similarly, to the extent that documents are also located outside of Illinois, but not in northern California, this factor is neutral. Documents outside the district can just as easily be shipped or sent to Illinois; the same reasoning applies to shipping or sending the documents to northern California. *See Rugamboa v. Rungenga*, No. 06 C 1142, 2007 WL 317035, at * 2 (N.D. Ill. Jan. 30, 2007) (Guzman, J.) (location of

7

records has no impact on transfer analysis unless extraordinarily voluminous or otherwise difficult to ship).

Defendant identifies one non-party witness who is located in the Northern District of California. This is Arianna Brooke, a former defendant employee with knowledge of defendant's operations.[1] Another former BCBG employee identified by defendant as having knowledge and information regarding defendant's operations and stores is Russell Bowers. (Def. Op. Br. Ex. B at ¶ 17.) Bowers is currently located in Los Angeles, California, so is not in the Northern District of California. One non-party witness located in a proposed transferee district is not enough to affect the balance in favor of transfer. Accordingly, I find the convenience of the non-party witnesses is neutral.

IV.

In addition to considering the parties' private interests, I must consider the public interests of the court. Factors relevant to this inquiry include the transferor and transferee courts' familiarity with the applicable law and the effect of transfer on the efficient administration of justice. *Coll. Craft Cos.*, 889 F.

---

[1] Defendant also alleges that the credit card company, Visa, Inc., is located in the Northern District of California and that Visa may have relevant information. From the description of the Visa testimony (given in court - defendant failed in its moving papers to comply with the requirement that it provide specific information about witness testimony), it does not look like there will be issues of credibility and thus any reason why any evidence from a Visa employee cannot be done by deposition.

Supp. at 1056; *see also Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 837 (N.D. Ill. 2004).

Federal Court Management Statistics demonstrate that the speed to trial in the proposed transferee district is 25 months compared to 26.4 months in this district. *See First Nat'l Bank*, 447 F. Supp. 2d at 913-14 (considering speed to trial as part of the interests of justice). Therefore, this factor is essentially neutral.

In summary, defendant, which has the burden under 28 U.S.C. sec. 1404(a) of showing that transfer is in the interests of the parties and witnesses, has failed to show that either the convenience of parties or witnesses favor the transfer of this case to the Northern District of California. When this court pointed out that the witnesses relied upon by defendant to support its application mainly resided in Southern California, hundreds of miles from the chosen transferee district, defense counsel offered to change its request to the Central District of California. This court does not sit to give serious consideration, and substantial time, to fully briefed motions, only to have counsel, realizing that she cannot sustain a burden of proof, decide to try a different tactic, which would involve another series of briefs and even more judicial time. Defendant also argues that the fact that another case is pending in the Northern District of California involving many of the same issues and an overlapping class is

9

itself enough to justify transfer. At this stage, however, it appears little has happened in that action. There has been no class certified, nor, so far as a docket sheet indicates, a motion for class certification. Currently, there is pending a motion to stay the litigation entirely pending ruling by the Ninth Circuit in another case. In the present case a motion for class certification has been pending for some time, a briefing schedule on the motion has been set, and discovery is set to close in May, 2008. (Indeed, the class certification motion likely would have been decided, and other discovery either concluded or nearing conclusion but for the time spent on this and a related motion.) Accordingly, the interests of justice do not favor transfer.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 30, 2007